# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 28, 2006 Session

## STATE OF TENNESSEE v. KENNETH RAMSEY

**Appeal from the Criminal Court for Hamilton County**
**No. 252194    Douglas A. Meyer, Judge**

---

**No. E2005-00854-CCA-R3-CD Filed September 20, 2006**

---

After a bench trial in Hamilton County, the appellant, Kenneth Ramsey, was convicted of speeding, simple assault and resisting arrest.[1] As a result, the trial court sentenced the appellant to thirty days for speeding, six months for resisting arrest and eleven months and twenty-nine days for assault, with the sentences to run concurrently. The trial court suspended the effective eleven month, twenty-nine day sentence and placed the appellant on unsupervised probation. The appellant filed a timely notice of appeal. On appeal, the appellant presents the following issues: (1) whether the trial court erred by failing to allow the appellant to call a witness to testify on his behalf; (2) whether the trial court erred by failing to present a copy of the indictment to the appellant; (3) whether the trial court erred by denying a continuance because the appellant was not provided documents as required by law in a timely manner; (4) whether the trial court failed to provide equal access to the court by denying a continuance; and (5) whether the evidence was sufficient to support the convictions. Because the judgment forms do not properly reflect that the appellant was found guilty after a bench trial, we remand the matter for entry of corrected judgment forms. In all other respects, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Kenneth Ramsey, Pro Se, Chattanooga, Tennessee.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Bill Cox, District Attorney General; and Lila Statom, Assistant District Attorneys General, for the appellee, State of Tennessee.

---

[1]The judgment forms incorrectly reflect that the appellant pled guilty to the offenses as charged. On remand, the trial court should enter corrected judgment forms to properly reflect that the appellant was found guilty after a bench trial.

**OPINION**

According to Officer Tyrone Williams of the Chattanooga Police Department, on October 4, 2004, he was on patrol near the 1000 block of North Moore Road across from Brainerd High School when he "noticed [the appellant's] green Ford pickup truck traveling at a high rate of speed." After noticing the vehicle, Officer Williams clocked the appellant with his radar unit at fifty-one miles-per-hour in a thirty-five mile-per-hour zone. At that point, Officer Williams pulled onto the roadway, activated his blue lights and began to pursue the appellant. The appellant "ducked" off onto a side road. Another officer, Tommy Meeks, was traveling southbound on North Moore Road and was able to pull in behind the appellant when he turned onto Drummond Street.

When the appellant turned onto Drummond, "he was in the right lane" on North Moore Road and had to "cut across the other left lane that was on the northbound side and two southbound lanes to get to Drummond, and cut another vehicle off in the process." Officer Williams did a U-turn in order to follow the appellant onto Drummond. When both officers got behind the appellant, they both had their blue lights activated. The appellant eventually pulled over and stepped out of his truck. Officer Williams explained:

> From that point, I began to state to [the appellant] initially why he was being stopped, and he really didn't seem to comprehend that, and he really didn't think that he was the person that was being stopped. He didn't understand that he had been speeding and he just was really, just irrational and just sort of combative with us, because he felt his rights had been violated in some way . . . .
>
> Basically I was trying to get some information from him at that point after stating to him why I had stopped him. After receiving his license from him, I was going to proceed to get more information, go ahead and do a driver's license check to make sure the status was valid.
>
> And also, again, he had that passenger in the vehicle [Michael Anderson], so my attention was going to be drawn towards him also. I left Officer Meeks with [the appellant] as I went around to speak with the passenger and try to obtain more information about the passenger at that time.

Officer Williams confirmed that the passenger, Michael Anderson, was later arrested on an outstanding warrant for domestic assault.

Officer Williams described what happened next as follows:

> I was standing at the back of the pickup truck actually walking back towards that direction, so I didn't actually see the exchange or the contact that was made with

-2-

Officer Meeks, but Officer Meeks immediately began to attempt to take him [the appellant] into custody and that's where the struggle ensued with [the appellant], or the resisting . . . .

Basically at that time Officer Meeks told him [the appellant] to place his hands on the vehicle, that he was going to be placed under arrest. At that time he [the appellant] . . . didn't want to put his hands behind his back, so we actually had to physically take him to the ground and handcuff him.

Officer Meeks testified that he drove his patrol car behind the appellant's pickup truck and turned on his blue lights, but the appellant did not stop until he drove about a mile. Once the appellant stopped the truck, the appellant stepped out of his vehicle. Officer Meeks exited his patrol car at that time and "started giving [the appellant] verbal commands to stay where he was . . . ." However, the appellant continued to walk toward Officer Meeks and Officer Williams. Officer Meeks described the appellant as "very confrontational" and "very belligerent." Officer Meeks stated that after Officer Williams spoke with the appellant, Officer Williams walked around the vehicle to speak with the passenger. At that time, Officer Meeks "turned to position [himself] where I could see both of them [the appellant and the passenger], which at that point, [the appellant] . . . slammed the car door into my hand, breaking my finger." The appellant commented that he "did not want [Officer Meeks] looking in his vehicle at that time," just prior to slamming the door on Officer Meeks's finger.

Officer Meeks then ordered the appellant to put his hands up on the car and informed him that he was under arrest for assault. Officer Meeks stated that the appellant became "very violent" and that he and Officer Williams were forced to wrestle the appellant to the ground in order to handcuff him. The appellant refused to let Officer Meeks "pat him down" and kept "pushing" the officers.

The appellant took the stand in his own defense.[2] He claimed that he was traveling north on North Moore Road when his passenger stated he "wanted to go over onto Tunnel Boulevard, and at that point I thought, well, we can see if we can take a shortcut rather than going all the way over to Shallowford." The appellant stated that he moved over "into the left lane, went over onto Drummond, . . . came to a stop sign, stopped, made my left-hand turn, and at that point the police cars came up behind me with their blue lights and I stopped." According to the appellant, he "sat in his vehicle with his hands on the wheel" and did not exit the vehicle until ordered twice to do so by Officer Williams. The appellant claimed that he asked Officer Williams if he was under arrest and the officer replied, "not at this time," however the appellant was told that he could not leave.

---

[2]The appellant represented himself at trial.

-3-

Next, the appellant claimed:

> Officer Meeks was standing away from the door watching me and whatever was happening. He asked me that I shut off the vehicle, which was running, and I turned it off without getting into the vehicle, turned off the lights, rolled up the window, pushed the door lock down, and as I was trying to close the door, Officer Meeks reaches over, over me, puts his hand in the door and he got hurt apparently.

> At that point Officer Meeks tackled me without saying anything, and I tried to keep from falling on the ground. And to keep from falling on the ground, I grabbed ahold of the back of the pickup truck, and it was sometime after that that they asked me to get down on the ground, so therefore, I did. That's when they handcuffed me. Told me they were charging me with assault of a police officer.

On cross-examination, the appellant claimed that he was not speeding and denied becoming belligerent or disobeying the orders of the officers.

The appellant told the trial court that he was supposed to have a witness, Michael Anderson, in court and that there was a subpoena issued for him to appear. The appellant claimed that Mr. Anderson would testify that he did not see the appellant assault the officer.

At the conclusion of the trial, the trial court found the appellant guilty of speeding, assault and resisting arrest. The trial judge commented:

> All right. Now, I find that you were speeding. I believe the officer that you were doing 51 in a 35-mile [per hour] zone. Also find that you did attempt to elude them by turning on several side streets. I do not buy your explanation that you were taking a shortcut, so I find that you [were] doing that [eluding the police]. So I find you guilty of speeding, also of resisting arrest and assault on the officer.

The trial court then imposed a thirty-day sentence for speeding, a six-month sentence for resisting arrest, and an eleven-month and twenty-nine day sentence for assault, all to be served concurrently. The trial court suspended the sentences and placed the appellant on unsupervised probation.

The appellant filed a timely notice of appeal.

### Analysis

On appeal, the appellant argues that: (1) the trial court erred by failing to allow the appellant to call a witness to testify on his behalf; (2) the trial court erred by failing to present a copy of the indictment to the appellant; (3) the trial court erred by denying a continuance because the appellant was not provided documents as required by law in a timely manner; (4) the trial court failed to

-4-

provide equal access to the court by denying a continuance; and (5) the evidence was insufficient to support the convictions.

As a preliminary matter, we note that the record fails to include a motion for new trial and an order overruling the motion for new trial. The State argues that the appellant has waived all issues with the exception of sufficiency of the evidence for failure to include them in a motion for new trial.

Tennessee Rule of Appellate Procedure 3(e) states in pertinent part that "in all cases *tried by a jury*, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived (emphasis added)." The motion for a new trial is not necessary when the trial was had before a judge without intervention of a jury, as is the case here. United States v. DeCoster, 487 F.2d 1197 (1973); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975); State v. Dean Byard, No. M2000-01410-CCA-R3-CD, 2001 WL 1502658 (Tenn. Crim. App., at Nashville, Nov. 27, 2001). Therefore, we will address the merits of the issues by the appellant on appeal.

<u>Failure to Allow Appellant to Call Witness</u>

The appellant first argues that the trial court erred by not allowing the appellant to call a witness. Specifically, the appellant alleges that the trial court refused to allow him to call a witness that had been duly subpoenaed to testify.

According to the transcript, the trial court gave the appellant the opportunity to call Michael Anderson, the witness in question. The following exchange occurred between the appellant and the trial court:

> THE APPELLANT: I have, I was supposed to have a witness here. I don't know whether he's here or not.
> THE COURT: Who is your witness?
> THE APPELLANT: Michael Anderson.
> THE COURT: Michael Anderson here? Michael Anderson?
> THE APPELLANT: I issued a subpoena for him.
> THE COURT: What would he testify to?
> THE APPELLANT: I believe he'll testify that Mr. Williams was on the opposite side of the vehicle and did not actually see that, what he claims was an assault.

Apparently, the witness was not in the courtroom. After the exchange between the appellant and the trial court, the trial court issued its verdict. In his brief on appeal, the appellant argues that the witness was incarcerated, had been transported to court, had not been properly brought into the courtroom and that his efforts to alert the trial court as to the witness's status went "unheeded and unrecorded." The arguments of the appellant are not supported by the record. It is the duty of the appellant to prepare a complete and accurate record on appeal. Tenn. R. App. P. 24(b). The record

does not contain a subpoena for the witness. Further, the record does not indicate that the appellant attempted to "alert" the trial court as to the witness's whereabouts. Moreover, the appellant did not seek a continuance in order to attempt to locate the witness. Under the circumstances we find no reversible error with regard to this issue.

<u>Failure to Receive Copy of the Indictment and Failure to Grant Continuance</u>

The appellant's next three issues concern whether the trial court erred in failing to give the appellant a copy of the indictment and whether the trial court erred in failing to grant a continuance. Specifically, the appellant argues that the trial court violated the appellant's due process rights by failing to insure he had a copy of the indictment prior to trial and that the trial court erred by failing to grant a continuance to allow the appellant more time to prepare for the case because he did not have a copy of the indictment.

It is not entirely clear from the record what actually transpired in the trial court. Prior to the beginning of trial, the following exchange occurred:

> PROSECUTOR: Judge, he represents himself. He has filed a motion and I have read the motion. He is saying that he did not receive a copy of the affidavit. Evidently Mr. Strong asked that this be copied for him, but evidently they only copied for him the prosecution report, and so I'm hand delivering him a copy of the affidavit.
> THE COURT: Okay.
> PROSECUTOR: I, I - - he also is asking for a copy of the indictment. I believe that would have been given to him by Your honor at the - - I don't provide that for him. That's usually provided at arraignment, the copy of the indictment.
> THE COURT: Have we got a copy?
> PROSECUTOR: If not, I guess - -
> THE CLERK: There's one - - let's see. Do you have a copy of 252693[3]?
> PROSECUTOR: Do you have a copy of your other indictment sir?
> THE DEFENDANT: Yes, ma'am.
> PROSECUTOR: Okay. That's two copies of that same indictment.
> THE DEFENDANT: Okay.
> PROSECUTOR: And it was set today, set today for, he says a pretrial conference.
> THE COURT: Right.
> PROSECUTOR: I have both of the officers here. I think he's asking for more time since he's got - - I mean, I'm prepared, but if he needs more time, I understand.
> THE DEFENDANT: Yes, sir.
> THE COURT: Let's hear from the officers and see if you need more time, see if we can work it out, okay?

---

[3]The case at issue herein is case number 252194.

After that exchange, the trial court heard the testimony of Officer Williams. At the conclusion of the officer's testimony, the appellant stated the following: "I didn't have this, these indictments or anything to prepare this, and I need some time in which to prepare." The appellant went on to cross-examine the witness, but again asserted that he was not "properly prepared."

On appeal, the appellant claims that he filed a motion in the trial court requesting a copy of the indictment, but that motion is not in the record on appeal. Again, it is the duty of the appellant to prepare a complete and accurate record on appeal. Tenn. R. App. P. 24(b). After a review of the record, it appears that the appellant conceded that he received a copy of an indictment, but the record is not clear as to whether the appellant received the "copy" of the indictment for the case herein. Moreover, the appellant requested a "copy" of the indictment. Again, we cannot ascertain from the record whether the appellant was merely requesting a copy of an indictment he had already received. Because the record is insufficient to review this issue, the appellant is not entitled to relief.

Further, the record indicates that the appellant did not explicitly ask for a continuance prior to trial and did not file any motions requesting a continuance. The trial court has the discretion to grant or deny a continuance and that decision will not be disturbed on appeal absent an abuse of discretion. State v. Robinson, 146 S.W.3d 469, 517 (Tenn. 2004). In order to establish an abuse of discretion, the complaining party must make a clear showing of prejudice as a result of the continuance being denied. Id. The appellant has not done so with respect to this issue. We cannot therefore grant relief on this issue.

<u>Sufficiency of the Evidence</u>

Finally, the appellant challenges the sufficiency of the evidence. Specifically, he contends that "the court abused its discretion by believing the incongruous and conflicting statements of the police officers while disbelieving any and all statement [sic] made by the [appellant]." The State counters that the evidence "produced at trial clearly supports the . . . convictions for speeding, assault, and resisting arrest."

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-

weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. Moreover, questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are to be resolved by the trier of fact. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1991).

In the case herein, the appellant was convicted for speeding, assault and resisting arrest. Tennessee Code Annotated section 39-16-602 sets out the elements of resisting arrest. That statute states:

> It is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer, or anyone acting in a law enforcement officer's presence and at such officer's direction, from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another.

Tenn. Code Ann. § 39-16-602(a). Force is defined as "compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title." Tenn. Code Ann. § 39-11-106(a)(12). A person commits assault who "intentionally, knowingly or recklessly causes bodily injury to another." Tenn. Code Ann. § 39-13-101(a)(1).

Viewed in the light most favorable to the State, the evidence shows that, on October 4, 2004, the appellant drove fifty-one miles-per-hour in a thirty-five mile-per-hour speed zone, assaulted a police officer at a traffic stop and resisted arrest. According to Officer Williams, the appellant was "traveling at a high rate of speed" and was clocked with the radar unit going fifty-one miles per hour in a thirty-five mile-per-hour zone. As the officer pulled in behind the appellant and activated his blue lights, the appellant ducked off onto a side street and attempted to elude the traffic stop. As the appellant ducked onto the side street, Officer Meeks was able to pull in behind him and activate his blue lights in pursuit of the appellant. The appellant finally pulled over. According to both officers, the appellant exited his vehicle and became very belligerent. Officer Meeks testified that the appellant slammed the door of the pickup truck on his hand, breaking his finger. When the officer tried to place the appellant under arrest, the appellant pushed and resisted. The appellant disputed the officers' version of the incident. It is well-settled that any questions concerning the credibility of the witnesses are resolved by the trier of fact. Pruett, 788 S.W.2d at 561. From the verdict, it is obvious that the trial court accredited the testimony of Officer Williams and Officer Meeks. Consequently, the evidence was sufficient to support the convictions. This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. The matter is remanded to the trial court for entry of corrected judgment forms.

_____
JERRY L. SMITH, JUDGE